NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LANCE EDWARD GLOOR,<br><br>Defendant-Appellant. | No.  16-30142<br><br>D.C. No.<br>3:13-cr-05659-RBL-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted February 5, 2018
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and MCSHANE,** District Judge.

Lance Gloor appeals the district court's denial of his motion to dismiss the

indictment without an evidentiary hearing.  We affirm.

Gloor was charged with, *inter alia*, conspiracy to distribute marijuana and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael J. McShane, United States District Judge for
the District of Oregon, sitting by designation.

manufacture of marijuana. He filed a pretrial motion to dismiss the indictment, arguing that the government's expenditure of funds to prosecute him violated a congressional appropriations rider ("section 538") that barred the Department of Justice from using funds to prevent Washington's implementation of its medical marijuana laws.[1] The district court denied the motion without holding an evidentiary hearing to determine whether Gloor had acted in strict compliance with Washington's medical marijuana laws. Following a five-day jury trial, Gloor was convicted of conspiracy to distribute marijuana and manufacture of marijuana, and sentenced to 120 months imprisonment. Gloor timely appealed.

While this appeal was pending, we decided *United States v. McIntosh*, 833

---

[1] *See* Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, Div. B., Title V, § 538, 128 Stat. 2130, 2217 (2014). Section 538 provides: "None of the funds made available in this Act to the Department of Justice may be used, with respect to the State[] of . . . Washington," among other states, "to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Congress extended the appropriations rider until September 30, 2016, in the Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, Div. B., § 542, 129 Stat. 2242, 2232–33 (2015) ("section 542"). Section 538 was the rider in effect at the time of Gloor's pretrial proceedings, while section 542 was the rider in effect at the time of Gloor's trial and sentencing. The relevant funding prohibition remains in effect as of the filing of this memorandum disposition. *See* Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, Div. B, Title II, § 537, 131 Stat. 135, 228 (2017); Continuing Appropriations Act, 2018, Pub. L. No. 115-56, Div. D., § 101, 131 Stat. 1129, 1139 (2017); Bipartisan Budget Act of 2018, Pub. L. No. 115-123, Div. B., Subdiv. 3, § 20101, 132 Stat. 64, 120 (2018). As the above appropriations riders are materially the same, for simplicity we refer to the applicable rider at each juncture of Gloor's case as "section 538."

F.3d 1163 (9th Cir. 2016) and *United States v. Kleinman*, 859 F.3d 825 (9th Cir. 2017), *as amended*, No. 14-50585, 2017 WL 6997333 (9th Cir. Jan. 22, 2018).  In *McIntosh*, we held that a defendant may obtain an injunction under section 538 against a federal prosecution charging him with conduct that was "completely authorized by state law."  833 F.3d at 1172–73, 1179.  We also concluded that the defendants in *McIntosh* were entitled to pretrial evidentiary hearings "to determine whether their conduct was completely authorized by state law, by which we mean[t] that they strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana."  *Id.* at 1179.  Faced with a similar issue in *Kleinman*, however, we declined to remand for an evidentiary hearing after trial and sentencing because "the record clearly demonstrate[d] that [Kleinman] violated" California's medical marijuana laws. 2017 WL 6997333, at *5.

Here, the record clearly demonstrates that Gloor did not strictly comply with Washington's medical marijuana laws, which provided only affirmative defenses to state marijuana charges at the time of his relevant conduct.  As for the conspiracy to distribute marijuana count, the evidence at trial demonstrates that Gloor operated for-profit marijuana dispensaries rather than the "collective gardens" permitted under the relevant statutory affirmative defense.  *See* Wash. Rev. Code § 69.51A.085(1) (2012); *see also Cannabis Action Coal. v. City of Kent*,

3

351 P.3d 151, 155–56 (2015). Gloor has not argued on appeal or before the district court that his operations were not for-profit, or that he could otherwise prove the elements of the "collective gardens" affirmative defense. Thus, in light of the evidence presented at trial, Gloor has not made factual allegations sufficient to warrant an evidentiary hearing.

With regard to the manufacture of marijuana count, the record similarly demonstrates that Gloor could not prove an affirmative defense. The jury returned a special verdict finding that Gloor manufactured between 50 and 99 marijuana plants. To prove the relevant affirmative defense under state law, Gloor would have to demonstrate that (1) he was a "designated provider"; (2) he possessed a written authorization to act as a designated provider; (3) he possessed no more than fifteen plants per qualifying patient; and (4) he presented the required paperwork to law enforcement upon request. Wash. Rev. Code § 69.51A.040(2)–(4) (2008); *see also State v. Markwart*, 329 P.3d 108, 119–120 (Wash. Ct. App. 2014) (explaining that a "designated provider" can grow up to 15 plants per patient); *State v. Shupe*, 289 P.3d 741, 747–49 (Wash. Ct. App. 2012) (same). At trial, Detective Menge testified that Gloor did not present the required paperwork upon request as required to satisfy the affirmative defense. Gloor did not challenge that testimony at trial, nor has he done so on appeal. Thus, Gloor has not made any factual allegations

4

sufficient to warrant an evidentiary hearing.[2]

Gloor argues that the evidence presented at trial is not dispositive because the district court granted the government's pretrial motion in limine to exclude evidence "to the extent it . . . direct[s] the jury that compliance (or intended compliance) with state law is a defense for alleged violations of federal law." On appeal, however, Gloor has not made any factual allegations, which, if proven at an evidentiary hearing, would demonstrate that he strictly complied with the conditions necessary to prove his affirmatives defenses. Gloor is not entitled to an evidentiary hearing under *McIntosh* in the absence of a genuine factual dispute as to his strict compliance with state law.[3]

**AFFIRMED.**

---

[2] We need not decide whether the district court erred in failing to hold a pretrial evidentiary hearing because any such error was harmless for the reasons stated herein.

[3] Because we conclude that Gloor did not act in strict compliance with state law, we reject his claim that the government violated section 538 by expending funds to litigate this appeal.